RECEIVED BY MAIL
NOV 1 3 2014
CLERK, US DISTRICT COURT
MINNEAPOLIS, MN

UNITED STATED DISTRICT COURT
DISTRICT OF MINNESOTA

CR 14-368 MJD

State of Minnesota,

        Plaintiff-respondent,

v.

Tamika Suttles,

        Defendant-petitioner.

Tamika Suttles,

        Counterclaimant,

v.

John Does 1-100,

        Counterclaimees.

Civil Case No. 14-cv-_____ [1]

**PETITION FOR REMOVAL, NOTICE OF REMOVAL[2] AND COUNTERCLAIMS AND NOTICE OF REMOVAL**

TO: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA,

Status of any purported conservatorship or guardianships is both objected to as a denial of due process, equal protection and as retaliatory conduct, whether such is claimed is unknown at this time, and due to urgent circumstances, the matters are being removed at this time, without the present ability to discern the status of certain matters including re-opened settlements and/or removals.

    1.    Jill Clark, Attorney at Law (practicing at times as Jill Clark, P.A. and at times as Jill Clark, LLC) represented Tamika Suttles in 2009-2010. A purported criminal

---

[1] Clark recommends that the D. Minn. (see definition in other pleadings that Clark recently filed, the D. Minn. is a duly-constituted Court) either sit en banc or that a 3-Judge Panel hear and determine these issues including the ex parte TRO, because of the overlap with other matters that Clark has filed and/or matriculated into the D. Minn.

[2] Some of these cases could be viewed as being re-removed, sometimes called second removal by case law, and at times, "re-removal".

SCANNED
NOV 1 3 2014
U.S. DISTRICT COURT MPLS

case against Suttles was tried to a jury in Ramsey County Court at the end of fall 2010, and Clark wrote the appeal brief.

2. Clark has been involved in confidential matters including about Suttles and the purported criminal case against her in 2009-2010.

3. Clark believes that Suttles has been targeted in various ways, perpetrating First Amendment retaliation, and additional constitutional torts.

4. As an example, Suttles was taken to a Judge in Ramsey County Court (or perhaps not an official Judge) and told that she had to plead to a probation violation in the case in which Clark had represented her, but Clark was never notified about the allegation, or able to defend Suttles. Suttles was apparently coerced into pleading to a "marijuana" charge and spent around 25 days in the Ramsey County Workhouse, where according to Suttles she was put into an iso-cell with urine and feces still in it, and her hair was pulled out of her head. These situatiosn occurred while purported Government officials (if they are not, then they donned the mantle of Government and they are all liable) while words were being said to her like, "that's what you get for speaking out about our kind".

5. One day after Suttles got out of jail (and would likely have gone to Jill Clark for help), Clark was rousted from her home at 2005 Aquila Avenue North, Golden Valley, see 12-cv-1373, 12-cv-1874 and 12-cv-3089 (in particular Part 4C of the Complaint).

6. There is a purported "felony criminal case" against Suttles for "aggravated robbery" for an incident where neither the police reports nor the "complaint" allege a cause of action. There is no aid and abet charge. And the supposed "complaint" was not signed by a prosecuting attorney. There are odd words like that the prosecutor "approved" the complaint, but it is not real. This is of great concern to Clark, because Trisha Farkarlun was falsely imprisoned and outrageously treated in 2013, even though Clark was able to show that there <u>was no case and the state Courts lacked jurisdiction</u>. Clark's clients are being abused and retaliated against, and the situation is emergent and serious.

7. Clark made several telephone calls today to try to figure out what was happening to Suttles, and then suddenly, Suttles lost her shelter housing, which had taken her entire disability check for the month of November. The monitoring of Suttles and Clark as well as Peggy Katch, who has also been trying to help Suttles, has been extreme, outrageous, and although in summary form here, Suttles was treated with outrageous Government conduct such that there can never be a trial of her in state Court.

8. ALL purported criminal cases, probation violations,

guardianship/conservatorship cases, civil cases, administrative or otherwise, are hereby removed to the United States District Court for the District of Minnesota.

9. Clark is not able to access her research, her documents regarding The Cases, except a few electronic files. Please refer to the removal statutes at 28 USC and other case law regarding removals. Subsequent to the *Peacock* case, the Supreme Court of the United States decided Mesa et al v. California, 489 U.S. 121 (1989) (Congress has provided for removal of criminal cases). Further, the Petitioner has been denied equal protection of the laws in The Cases.

10. Pursuant to 28 U.S.C. §1446(b)(3), these removals are being filed within 30 days of an order or other paper from which it could first be ascertained that the case is one which is or has become removable/re-removable. See the attached supposed criminal complaint which was first obtained by Clark (who is seeking to advocate for Suttles, amid threats, attempts to extort Clark's assets and data from Clark, and amid threats and perpetrations on Suttles, so this is the best that can be done at this time to assess this statutory criteria, which is likely not necessary anyway, as it appears to violate access to courts). Clark received other papers as well, which Suttles was able to get to Katch, who copied them so that Clark could review them. Clark recommends that the Court issue writ of certiorari quickly for all documents and data concerning this situation.

11. Venue is proper in the United States District Court for the District of Minnesota pursuant to 42 U.S.C. §1391(b), as Petitioner and Respondent state of Minnesota are both located within the District of Minnesota.

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1443, stating in part:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

Petitioner-plaintiffs deserve an opportunity to litigate why any case law interpreting 28 USC 1443 is either not authentic, or no longer persuasive under modern conditions. No remand is possible except and until a formal, public motion to remand is made and properly served, and Suttles, assisted by Clark, have an opportunity to address the issues by briefing (using a law library provided by the Court or a functional database), and via oral argument in a courtroom in which people including Suttles and Clark appear.

13. Suttles has a federally-guaranteed right to defend herself in a quasi-criminal proceeding, *see, e.g., Ryland v. Shapiro*, 708 F.2d 967 (5th Cir. 1983) (characterizing it as a due

3

process right) and *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986) (characterizing it as a right of access to courts). And Clark has a constitutionally-guaranteed right to assist her.

14. Harassment of rights conferred by Civil Rights Act of 1964 can be a basis for removal, *Thompson v. Brown*, 434 F.2d 1092 (5th Cir. 1970). State cases designed to vex and harass are removable under §1443.[3]

15. Although a First Amendment infringement alone is not sufficient to form the basis of a §1443 removal, a showing that the state will not fairly enforce First Amendment law is a basis to remove.[4]

16. State cases can be removed to Federal court as late as after trial.[5] The "probation" activity in the case in which Clark represented Suttles in 2009-2010 (File No. 62-CR-10-1464, File No. 62-CR-10-1465 (one of those was a purported "co-defendant" so there is no way fully to defend Suttles in the Federal proceedings without also removing that case, and if anyone or entity has an issue with that, it must be subject to dignified, and full briefing, in a situation where Clark can use a law library and access her documents and data, and where Suttles and Clark are both able to appear in a courtroom to address the Judge(s)).

17. Suttles has been trying to bring a civil case regarding conduct of officers or others who donned the mantle of Government, since around 2010. Clark has been wanting to prosecute that civil case for Suttles. Clark has been prevented from doing that, and it appears that someone/thing has been trying to steal that case, and has (as alarming as it is) conjured up additional bad conduct, to try to steal the case(s) from Suttles, Daniel Drljic and Clark (including Clark's law firms).

18. Applying the factors from *Rogers v. Rucker*, 835 F.Supp. 1410 (N.D. Ga. 1993), Suttles:

a) engaged in protected activity (defending in a criminal case in 2009-2010, and locating and then meeting with Clark to pursue one or more civil case(s) including to enforce her Constitutional rights under the Constitution of the United States));

b) Suttles' rights under the Constitution of the United States and Federal Statutes (such as the Health Insurance Portability and Accountability Act) were denied in the state court process; and

---

3   *Schoen v. Sulton*, 297 F.Supp. 538 (D.Miss. 1969).
4   *Schoen v. Sulton*, 297 F.Supp. 538 (D.Miss. 1969).
5   *Thibodeau v. State of Minnesota*, 419 F.Supp. 87 (D. Minn. 1977).

4

c) the state court action has the effect of coercing, intimidating, or threatening Suttles or otherwise interfering with her Federal rights.

19. The state court proceedings denied fundamental rights including for example, the First Amendment right of access to courts guarantees "adequate, effective, and meaningful" access (Bounds v. Smith, 97 S. Ct. at 1495, "A mere formal right of access to the courts does not pass constitutional muster"); the right to due process includes the right to adequate procedures in criminal proceedings (Gerstein v. Pugh, 420 U.S. 103, 95 S. Ct. 854 (1975) (detainees denied probable cause hearings denied due process)).

20. The state proceedings are preempted by Federal Acts including but not limited to: HIPAA, the Wiretap Act, 42 USC 1983 and 42 USC 1985 and the Hobbs Act.

## COUNTERCLAIMS[6]

21. Suttles would like to pursue the attacks on her property (including her personal property as well as intellectual property including her right of publicity), First Amendment retaliation (and other Constitutional torts) and false imprisonment, but she does not know who to serve with process at this time.

22. Suttles reserves the right to amend this petition/counter-claims.

[Intentionally left blank, see next page, signature page.]

---

[6] A removal petition may include counterclaims for declaratory relief and injunction. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *Appalachian Volunteers, Inc. v. Clark*, 432 F.2d 530 (6th Cir. 1970), *cert. denied* 401 U.S. 939.

5

**WHEREFORE,**

1.	Petitioner-remover removes these actions from the State of Minnesota Courts (and including any administrative action such as the Board of Appeals or any secret 'administrative' actions) to this Honorable United States District Court, District of Minnesota. Respondent prays that this Court promptly issue a writ of *certiorari* pursuant to 28 USC §1447(b) for the <u>entire</u> file relating to these matters referenced herein (including electronic data, wherever kept). One of the file numbers (see others above) is apparently Case No. 27-CR-14-11243, but it seems that is a secret file, not entered into Mn-CIS. Suttles was not asked about being a relator in a qui tam case, and no one has Autghority to make her one agianst her will or by using her as a dupe. Clark protests this treatment of Suttles and also treatment of Clark and other of Clark's clients (please consider seeking all such files/cases/data by writ of certiorari).

2.	Petitioner-remover prays for judgment against those engaging in wrongful conduct, and she seeks her full costs, disbursements, and attorney fees, and seeks any other relief that the Court deems appropriate.

3.	Petitioner-remover prays for an emergency ex parte TRO to prohibit any activity in any state criminal, civil or administrative action or proceeding.

Dated: November 12, 2014

**FRIEND OF THE COURT, ADVOCATE AND/OR ATTORNEY**

_____
Tamika Suttles

_____
Jill Clark
Jill Eleanor Clark
Attorney Clark


_____
Peggy M. Katch

6